# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### AT CLARKSBURG

UNITED STATES OF AMERICA,

      Plaintiff,

V.                                   CRIMINAL ACTION NO. 1:18CR33

JAMES TIMOTHY COBB,

      Defendant.

## SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANT'S MOTION TO SUPPRESS

The Defendant, James Timothy Cobb, files a supplemental memorandum of law in support of his motion to suppress filed on July 6, 2018. This supplemental pleading sets out necessary, additional grounds now apparent to undersigned counsel after additional case review, legal research and consideration. The suppression of the evidence in this case concerns images of child pornography allegedly located on a Gateway computer seized from Mr. Cobb's home pursuant to a pair of search warrants issued in September 2014. Undersigned counsel has conferred with the prosecutor, AUSA Sarah Wagner, who has advised that the government does not oppose this supplemental pleading and the inclusion of additional grounds.

As indicated in the motion to suppress, this is a case involving child pornography in violation of a federal statute. Yet, it began as a West Virginia State homicide

investigation in September 2014 after police found Paul Dean Wilson deceased in the

home he shared with Mr. Cobb and Mr. Cobb's parents in Marion County, West Virginia.

Mr. Cobb and Mr. Wilson became involved in a fight and Mr. Wilson died afterwards.

After Mr. Cobb was arrested at the scene, the police sought a series of search warrants.

Undersigned counsel has already alleged, in the original motion to suppress, that the first

two search warrants lacked probable cause.  Upon researching the issues at stake, there

appears to be another fatal flaw with the warrant.

The search warrant dated September 23, 2014, sought the following:

[a]ny material associated with the homicide of Paul Dean Wilson, Jr. stored
internally on a Gateway laptop computer serial
#NXY1UAA0032251C66F1061 dark grey in color belonging to or used by
James Timothy Cobb.  Any and all evidence of any other crimes.

This explanation of the property to be seized is unconstitutionally broad in scope and it

entirely lacks particularity of the information or electronic files to be seized.  Further, it

impermissibly leaves all of Mr. Cobb's personal information contained in the laptop at the

unfettered discretion of the State.

The Fourth Amendment instructs that "no Warrants shall issue, but upon probable

cause, supported by Oath or affirmation, and particularly describing the place to be

searched, and the persons or things to be seized." U.S. Const. amend. IV.  The

particularity requirement "ensures that a citizen is not subject to 'a general exploratory

rummaging in [his personal] belongings'," *United States v. Hurwitz*, 459 F.3d 463, 470

(4th Cir. 2006) (*quoting Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971)), and that

2

nothing is left "to the discretion of the officer executing the warrant," *United States v. Robinson*, 275 F.3d 371, 381 (4th Cir. 2001) (*citing Marron v. United States*, 275 U.S. 192, 196 (1927)).

The Fourth Amendment requires that a warrant be no broader than the probable cause upon which it is based.  *See Hurwitz*, 459 F.3d at 473.  "Although the concept of probable cause resists an exacting definition, it 'exists where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found' in a particular place." *United States v. Perez*, 393 F.3d 457, 461 (4th Cir. 2004) (*quoting Ornelas v. United States,* 517 U.S. 690, 696 (2004)).  "It is familiar history that indiscriminate searches and seizures conducted under the authority of 'general warrants' were the immediate evils that motivated the framing and adoption of the Fourth Amendment." *Payton v. New York*, 445 U.S. 573, 583 (1980).

At its core, the Fourth Amendment protects against general warrants that authorize "exploratory rummaging in a person's belongings . . . by requiring a particular description of the things to be seized." *Andresen v. Maryland*, 427 U.S. 463, 480 (1976).  The particularity requirement is fulfilled when the warrant identifies the items to be seized by their relation to designated crimes and when the description of the items leaves nothing to the discretion of the officer executing the warrant.  *See Andresen*, 427 U.S. at 480-82; *Stanford v. Texas*, 379 U.S. 476, 485 (1965).

For instance, in *United States v. Bridges*, 344 F.3d 1010 (9th Cir. 2003), the court held as overbroad a warrant containing a list of items and categories of property to be seized that while detailed, was "so expansive that its language authorize[d] the Government to seize almost all of [the defendant's] property, papers, and office equipment," and "delineated no clear material limitation or boundary as to its scope." *Bridges*, 344 F.3d at 1017. Search warrants, such as the one in this case and the overbroad one in *Bridges*, are "fundamentally offensive to the underlying principles of the Fourth Amendment when they are so bountiful and expansive in their language that the constitute a virtual, all-encompassing dragnet of personal papers and property to be seized at the discretion of the State." *Bridges*, 344 F.3d at 1018-19 (*citing Stanford v. Texas*, 379 U.S. 476, 481 (1965)).

Here, there is a grave concern about Fourth Amendment protections and privacy in computer files and other electronic data. Suffice to say, people in our community keep enormous amounts of personal and confidential information on their computers. This information is incredibly important in terms of our daily living and often has great monetary value.

The search warrant for information on Mr. Cobb's laptop violated his rights simply because it was overbroad. There is no particularity in this warrant whatsoever, and it is in no way tailored to the facts presented to the police about the alleged homicide. There is no explanation about the types of files sought, the location of the files, the time frame, or the relationship of the files and information to the homicide offense. Making matters

worse, this search warrant added the language "any and all evidence of any other crimes" which essentially permitted the police to peruse, search, and seize anything and everything on Mr. Cobb's laptop.  This is not constitutionally permitted and the police and magistrate should have known this.  To be sure, this unlimited search and the unfettered discretion given to police embodies precisely one great evil the Fourth Amendment was intended to prevent.  The search warrant here violates Mr. Cobb's rights under the Fourth Amendment.

WHEREFORE, based upon the foregoing, Mr. Cobb respectfully reiterates this request that this Court hold a hearing on the search warrants in this case and the question of the validity of the search warrants.  Then the search warrant should be swiftly invalidated and this Court should suppress all evidence seized from the search of Mr. Cobb's residence and computer in September 2014.

Respectfully submitted,

**JAMES TIMOTHY COBB**


By:    s/L. Richard Walker
       WV State Bar No. 9580
       Attorney for Defendant
       230 West Pike Street, Suite 360
       Clarksburg, WV 26302
       Tel. 304-622-3823
       E-Mail: richard_walker@fd.org

## CERTIFICATION OF SERVICE

I certify that on July 10, 2018,  I have filed the foregoing with the Clerk's office using the electronic filing system which should automatically send an electronic copy to opposing counsel listed below:

**Sarah Wagner, Esq.**
**United States Attorney's Office**
**Clarksburg, WV 26301**

By:     s/ L. Richard Walker
         WV State Bar No. 9580
         Attorney for Defendant
         Federal Public Defender Office
         230 West Pike Street, Suite 360
         Clarksburg, WV 26302
         Tel. (304) 622-3823
         Fax. (304) 622-4631
         E-Mail: richard_walker@fd.org