# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            Criminal No. 1:18-CR-00033

JAMES TIMOTHY COBB,

        Defendant.

## UNITED STATES' SUPPLEMENTAL RESPONE TO MOTION TO SUPRESS PHYSICAL EVIDENCE

      Now comes the United States of America, by William J. Powell, United States Attorney for the Northern District of West Virginia and Sarah E. Wagner, Assistant United States Attorney, and files this Supplemental Response to the Defendant's Motion to Suppress Physical Evidence (dkt. no. 16) for the purpose of objecting to the defendant's intention to call one of the issuing state magistrates, Cathy Reed-Vanata, for testimony at the July 19, 2018 hearing for the purpose of inquiring into Detective Alkire's good faith in seeking the Computer Warrant.  Mr. Cobb has not made any allegation, let alone a substantial preliminary showing, that Detective Alkire knowingly or recklessly made false statements in or omitted facts from the affidavit supporting the Computer Warrant.  See Franks v. Delaware, 438 U.S. 154 (1978).  Assuming that the affidavit lacked probable cause, which the government does not concede, the only appropriate inquiry of witnesses at the July 19, 2018 hearing would be whether the good-faith exception in United States v. Leon applies.  See 468 U.S. 897 (1984).

      The good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal in light of all of the circumstances.  Id. at 922 n.23.  Leon made clear that the appropriate assessment of an officer's

good faith does not encompass "fruitless inquiries into the minds of police officers to ascertain motive."  United States v. McKenzie-Gude, 671 F.3d 452, 460-61 (4th Cir. 2011).  However, courts may consider "actual uncontroverted facts known to – as opposed to subjective beliefs held by – an officer" in assessing whether the good-faith exception applies. Id.

Because the only pertinent inquiry is "actual uncontroverted facts" known to Detective Alkire at the time he sought the search warrant, Magistrate Reed-Vanata's testimony is not relevant to the assessment of whether the good-faith exception applies to the Computer Warrant.[1]

        Respectfully submitted,

        WILLIAM J. POWELL

        United States Attorney

        By:   /s/ Sarah E. Wagner
        SARAH E. WAGNER
        WV Bar No. 10239
        Assistant United States Attorney
        United States Attorney's Office
        320 W. Pike Street, Suite 300
        Clarksburg, WV 26301
        Telephone: (304) 623-7030
        Fax: (304) 623-7031
        Email: sarah.e.wagner@usdoj.gov

---

[1] It is the understanding of the Government that Magistrate Reed-Vanata is not available for the July 19, 2018 hearing.

**CERTIFICATE OF SERVICE**

      I, Sarah E. Wagner, Assistant United States Attorney for the Northern District of West Virginia, hereby certify I electronically filed this pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

L. Richard Walker
Federal Public Defender Office
230 West Pike Street, Suite 360
Clarksburg, WV 26302

Dated: July 18, 2018

                                                By:  /s/ Sarah E. Wagner
                                                SARAH E. WAGNER
                                                WV Bar No. 10239
                                                Assistant United States Attorney
                                                United States Attorney's Office
                                                320 W. Pike Street, Suite 300
                                                Clarksburg, WV 26301
                                                Telephone: (304) 623-7030
                                                Fax: (304) 623-7031
                                                Email: sarah.e.wagner@usdoj.gov