IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

        Plaintiff,

v.                                 CRIMINAL NO. 1:18CR33
                                         (Judge Keeley)

**JAMES TIMOTHY COBB,**

        Defendants.

**MEMORANDUM OPINION AND ORDER
SUSTAINING IN PART THE GOVERNMENT'S OBJECTIONS
[DKT. NO. 41], ADOPTING IN PART AND REJECTING IN
PART REPORT AND RECOMMENDATION [DKT. NO. 36], AND DENYING
DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE [DKT. NO. 16]**

This is a child pornography case stemming from a physical altercation between the defendant, James Timothy Cobb ("Cobb"), and his cousin, Paul Dean Wilson, Jr. ("Wilson"). Because that altercation resulted in Wilson's death, Cobb was arrested and later charged in state court with first-degree murder. While in custody, Cobb made several calls to his parents, asking that they wipe his laptop computer clean. Suspecting Cobb's laptop may contain evidence relating to Wilson's murder, the Marion County, West Virginia Sheriff's Department obtained two search warrants, the first on September 16, 2014, for Cobb's laptop ("the first warrant"), and the second on September 23, 2014, for its contents ("the second warrant") (collectively "the warrants"). The second search uncovered over 2,000 images of child pornography.

Pending is Cobb's motion to suppress the evidence from the second search, which he claims was obtained in violation of his

**USA V. COBB**                                                    **1:18CR33**
**MEMORANDUM OPINION AND ORDER
SUSTAINING IN PART THE GOVERNMENT'S OBJECTIONS
[DKT. NO. 41], ADOPTING IN PART AND REJECTING IN
PART REPORT AND RECOMMENDATION [DKT. NO. 36], AND DENYING
DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE [DKT. NO. 16]**

Fourth Amendment rights. For the following reasons, the Court **SUSTAINS IN PART** the Government's objections (Dkt. No. 41), **ADOPTS IN PART AND REJECTS IN PART** the magistrate judge's report and recommendation (Dkt. No. 36), and **DENIES** Cobb's motion (Dkt. No. 16).

## I. Background

### A. Procedural History

On May 1, 2018, a grand jury sitting in the Northern District of West Virginia returned a one-count indictment against Cobb, charging him with Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2) (Dkt. No. 1). After Cobb moved to suppress the evidence of child pornography on July 6, 2018 (Dkt. No. 16), the Court referred the motion to the Honorable Michael J. Aloi, United States Magistrate Judge, for initial review and report and recommendation ("R&R") (Dkt. No. 17).

Magistrate Judge Aloi conducted two evidentiary hearings on the motion (Dkt. Nos. 25; 31), at which Cobb presented the testimony of Sergeant Kevin Alkire of the Marion County Sheriff's Department (Dkt. No. 25) and Cathy Reed-Vanata, a former Marion County Magistrate (Dkt. No. 31). The facts adduced at those

**USA V. COBB** 1:18CR33
**MEMORANDUM OPINION AND ORDER
SUSTAINING IN PART THE GOVERNMENT'S OBJECTIONS
[DKT. NO. 41], ADOPTING IN PART AND REJECTING IN
PART REPORT AND RECOMMENDATION [DKT. NO. 36], AND DENYING
DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE [DKT. NO. 16]**

hearings are summarized fully in the R&R, and the Court has reviewed the audio recordings and transcripts of both hearings.

**B.  Report and Recommendation**

On August 24, 2018, Magistrate Judge Aloi recommended that the Court grant in part and deny in part Cobb's motion to suppress (Dkt. No. 36). He reasoned that, although both warrants were supported by probable cause, only the first warrant was sufficiently particular to survive Fourth Amendment scrutiny. Id. at 10-26. He concluded that the second warrant was no more than a general warrant that allowed unlimited and unchecked exploratory rummaging into Cobb's private life. Id. at 16-26. And because the second warrant was not sufficiently particular, he rejected the applicability of the plain-view exception. Id. at 24.

Magistrate Judge Aloi determined that the constitutional sufficiency of both warrants was not affected by the superfluous language each contained. Id. at 26-29. In addition, he ruled out the applicability of the independent source and inevitable discovery doctrines, id. at 24 n.8, and concluded that the Leon[1] good-faith exception did not apply because an objectively

---

[1] United States v. Leon, 468 U.S. 897 (1984).

**USA V. COBB**                                                    **1:18CR33**
**MEMORANDUM OPINION AND ORDER
SUSTAINING IN PART THE GOVERNMENT'S OBJECTIONS
[DKT. NO. 41], ADOPTING IN PART AND REJECTING IN
PART REPORT AND RECOMMENDATION [DKT. NO. 36], AND DENYING
DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE [DKT. NO. 16]**

reasonable officer would have known that the second warrant was so facially deficient as to be invalid, id. at 29-36.

C.  **The Government's Objections**

In its objections, the Government challenged the R&R's conclusions that the second warrant was not sufficiently particular, and that the Leon good-faith exception did not apply (Dkt. No. 41). It argued that both conclusions ignore controlling Fourth Circuit precedent. Id. at 1-2. It also asserted that the child pornography on Cobb's laptop would have been inevitably discovered by a lawful source. Id. at 1.

D.  **Cobb's Response to the Government's Objections**

In Cobb's response, he argued that Magistrate Judge Aloi's conclusion that the second warrant was not sufficiently particular was correct (Dkt. No. 42 at 3-16). Moreover, he asserted that the good-faith exception was not applicable, and that the inevitable discovery doctrine should not apply because the information was not obtained from an independent source. Id. at 11-17.

**USA V. COBB**                                                      **1:18CR33**
**MEMORANDUM OPINION AND ORDER
SUSTAINING IN PART THE GOVERNMENT'S OBJECTIONS
[DKT. NO. 41], ADOPTING IN PART AND REJECTING IN
PART REPORT AND RECOMMENDATION [DKT. NO. 36], AND DENYING
DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE [DKT. NO. 16]**

### III. STANDARD OF REVIEW

When considering a magistrate judge's R&R pursuant to 28 U.S.C. § 636(b)(1), the Court must review de novo those portions to which objection is timely made. Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the [defendant] does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D. W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

### IV. APPLICABLE LAW

The Fourth Amendment protects "[t]he right of the people to be secure in their persons . . . and effects . . . against unreasonable . . . searches and seizures." U.S. Const. amend. IV. "The overriding function of the Fourth Amendment is to protect personal privacy and dignity against unwarranted intrusion by the State." Sims v. Labowitz, 877 F.3d 171, 177 (4th Cir. 2017) (quoting Schmerber v. California, 384 U.S. 757, 767 (1966)). As the Supreme Court has stated time and again, "[r]easonableness is

USA V. COBB                                                          1:18CR33
MEMORANDUM OPINION AND ORDER
SUSTAINING IN PART THE GOVERNMENT'S OBJECTIONS
[DKT. NO. 41], ADOPTING IN PART AND REJECTING IN
PART REPORT AND RECOMMENDATION [DKT. NO. 36], AND DENYING
DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE [DKT. NO. 16]

always the touchstone of Fourth Amendment analysis, and reasonableness is generally assessed by carefully weighing the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." Cty. of Los Angeles, Calif. v. Mendez, 137 S. Ct. 1539, 1546 (2017) (internal quotation and citation omitted).

## V. DISCUSSION

After reviewing de novo the portions of the R&R to which the Government has objected, and the remaining portions for clear error, the Court concludes that both warrants not only were supported by probable cause, but also were sufficiently particular to survive Fourth Amendment scrutiny. Even assuming the second warrant was not sufficiently particular, the evidence need not be suppressed because the Leon good-faith exception applies.

**A.   Both warrants are supported by probable cause.**

Neither party objected to Magistrate Judge Aloi's conclusion that both warrants are supported by probable cause. Finding no clear error (Dkt. No. 36 at 8-13), the Court **ADOPTS** that recommendation.

USA V. COBB                                                          1:18CR33
MEMORANDUM OPINION AND ORDER
SUSTAINING IN PART THE GOVERNMENT'S OBJECTIONS
[DKT. NO. 41], ADOPTING IN PART AND REJECTING IN
PART REPORT AND RECOMMENDATION [DKT. NO. 36], AND DENYING
DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE [DKT. NO. 16]

**B.   Both warrants are sufficiently particular.**

   **1.   The First warrant**

Neither party objected to Magistrate Judge Aloi's conclusion that the first warrant was sufficiently particular. Therefore, finding no clear error (Dkt. No. 36 at 13-16), the Court **ADOPTS** that recommendation as well.

   **2.   The Second Warrant**

The parties dispute the conclusion that the second warrant was not sufficiently particular because (1) its broad language gave the executing officers "complete and absolute discretion," and (2) the officers could have included additional information to make it more particular (Dkt. No. 36 at 16-26). According to the Government, the second warrant was sufficiently particular because it identified a specific illegal activity, Wilson's homicide, which properly limited the executing officer's discretion during its execution (Dkt. No. 41 at 8-15).

Under the Fourth Amendment, a search warrant must "particularly describ[e] the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. The particularity requirement has two important purposes, "(1) preventing general

7

**USA V. COBB**                                                                                                    **1:18CR33**
**MEMORANDUM OPINION AND ORDER
SUSTAINING IN PART THE GOVERNMENT'S OBJECTIONS
[DKT. NO. 41], ADOPTING IN PART AND REJECTING IN
PART REPORT AND RECOMMENDATION [DKT. NO. 36], AND DENYING
DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE [DKT. NO. 16]**

searches, and (2) ensuring that the executing officer is able to distinguish between those items which are to be seized and those that are not." United States v. Dickerson, 166 F.3d 667, 693 (4th Cir. 1999), rev'd in part on other grounds, 530 U.S. 428 (2000) (citing Marron v. United States, 275 U.S. 192, 196 (1927)). Although that "requirement is fulfilled when the warrant identifies the items to be seized by their relation to designated crimes and when the description of the items leaves nothing to the discretion of the officer executing the warrant," United States v. Williams, 592 F.3d 511, 519 (4th Cir. 2010) (citing Andresen v. Maryland, 427 U.S. 463, 480 (1976)), "the test . . . is 'a pragmatic one: The degree of specificity required when describing the goods to be seized may necessarily vary according to the circumstances and type of items involved.'" Dickerson, 166 F.3d at 693 (quoting United States v. Torch, 609 F.2d 1088, 1090 (4th Cir. 1979)).

Here, the application for the second warrant cited "first degree murder" as the underlying crime and requested permission to search for and seize "any material associated with the homicide of Paul Dean Wilson Jr. stored internally on a Gateway laptop computer serial #NXY1UAA0032251 dark gray in color belonging to or used by

**USA V. COBB**                                                1:18CR33
**MEMORANDUM OPINION AND ORDER
SUSTAINING IN PART THE GOVERNMENT'S OBJECTIONS
[DKT. NO. 41], ADOPTING IN PART AND REJECTING IN
PART REPORT AND RECOMMENDATION [DKT. NO. 36], AND DENYING
DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE [DKT. NO. 16]**
---

James Timothy Cobb. Any and all evidence of other crimes" (Dkt. No. 19-2). This warrant was sufficiently particular for two reasons.

First, as the Government has pointed out, the second warrant only allowed Sergeant Alkire to search for and seize evidence of a particular crime—Wilson's homicide (Dkt. No. 19-2). Although the warrant is broad in its description, the Fourth Circuit has repeatedly upheld search warrants that limit the executing officers' "discretion by allowing them to seize only evidence of a particular crime." United States v. Jones, 31 F.3d 1304, 1313 (4th Cir. 1994); see, e.g., Dickerson, 166 F.3d at 693-94 (concluding warrant that only allowed executing officers to seize evidence of bank robbery was sufficiently particular); United States v. Fawole, 785 F.2d 1141, 1144 (4th Cir. 1986) concluding warrant that only allowed executing officers to seize evidence of Georgia "theft by taking" was sufficiently particular), overruled on other grounds by Horton v. California, 496 U.S. 128, 130 (1990); United States v. Ladd, 704 F.2d 134, 136 (4th Cir. 1983) (concluding warrant that only allowed executing officers to seize evidence of "smuggling, packing, distribution and use of controlled substances" was sufficiently particular).

**USA V. COBB**                                                                                       **1:18CR33**
**MEMORANDUM OPINION AND ORDER
SUSTAINING IN PART THE GOVERNMENT'S OBJECTIONS
[DKT. NO. 41], ADOPTING IN PART AND REJECTING IN
PART REPORT AND RECOMMENDATION [DKT. NO. 36], AND DENYING
DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE [DKT. NO. 16]**

This limitation exists for good reason. A warrant that limits the executing officers to search for and seize only evidence of a particular crime does not allow unlimited and unchecked exploratory rummaging into one's private life. Here, the second warrant plainly limited Sergeant Alkire to search for and seize only evidence on Cobb's laptop computer related to Wilson's homicide (Dkt. No. 19-2). Like bank robbery, evidence of first-degree murder is reasonably subject to identification because it generally produces quite distinctive evidence (e.g., murder weapon, plans of premeditation, etc.). <u>Dickerson</u>, 166 F.3d at 694 ("Bank robbery is a specific illegal activity that . . . generates quite distinctive evidence."). Indeed, evidence of first-degree murder is far more distinctive than evidence of tax evasion, which requires combing otherwise innocuous financial documents for inconsistencies. <u>Id.</u> ("[A] warrant authorizing a search for evidence relating to 'a broad criminal statute or general criminal activity' such as . . . 'tax evasion,' is overbroad because it 'provides no readily ascertainable guidelines for the executing officers as to what items to seize.'" (citation omitted)).

**USA V. COBB**                                                                                                       **1:18CR33**

**MEMORANDUM OPINION AND ORDER
SUSTAINING IN PART THE GOVERNMENT'S OBJECTIONS
[DKT. NO. 41], ADOPTING IN PART AND REJECTING IN
PART REPORT AND RECOMMENDATION [DKT. NO. 36], AND DENYING
DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE [DKT. NO. 16]**

Magistrate Judge Aloi concluded that this warrant lacked the requisite particularity because it allowed Sergeant Alkire to search the contents of Cobb's laptop computer in their entirety (Dkt. No. 36 at 16-18). But the need to review the contents of Cobb's laptop in order to determine which files were authorized for seizure does not make the warrant unconstitutionally overbroad.

Indeed, "[w]hen a search requires review of a large collection of items, such as papers, 'it is certain that some innocuous documents will be examined, at least cursorily, in order to determine whether they are, in fact, among those papers authorized to be seized.'" United States v. Williams, 592 F.3d 511, 519-20 (4th Cir. 2010) (quoting Andresen, 427 U.S. at 482 n.11). Computers are no different: "[T]he sheer amount of information contained on a computer does not distinguish the authorized search of the computer from an analogous search of a file cabinet containing a large number of documents." Id. at 523.

Nor is Williams strictly limited to crimes that require the use of a computer. See, e.g., United States v. Patterson, No. 2:17cr114, 2017 WL 5889744, at *4 (E.D. Va. Nov. 29, 2017) (holding search of computer hard drives did not exceed scope of warrant to

**USA V. COBB                                                    1:18CR33**
**MEMORANDUM OPINION AND ORDER
SUSTAINING IN PART THE GOVERNMENT'S OBJECTIONS
[DKT. NO. 41], ADOPTING IN PART AND REJECTING IN
PART REPORT AND RECOMMENDATION [DKT. NO. 36], AND DENYING
DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE [DKT. NO. 16]**

search for evidence of various firearm offenses). What matters is whether, as here, there is probable cause to believe evidence of a crime will be found on the computer. See, e.g., United States v. Bradley, No. 5:16-cr-8, 2017 WL 1133510, at *5 n.8 (W.D. Va. Mar. 24, 2017) (recognizing evidence of money laundering found in plain view on computer would be admissible under Williams when officers had probable cause to search email for evidence of drug crimes).

Although the second warrant could have been more specific, "[m]ore specificity is not required by the Constitution." Dickerson, 166 F.3d at 694 (alteration in original) (quoting Ladd, 704 F.2d at 136). In the R&R, Magistrate Judge Aloi reasoned that the second warrant was not sufficiently particular because the investigating officers could have been more specific under the circumstances (Dkt. No. 36 at 20). For example, he suggests that the executing officers should have included information to indicate that they would search for evidence of motive and premeditation, including the conflicting motives that Cobb's parents previously had reported. Id.

Tellingly, the R&R does not explain how any of this information would have further limited the scope of the second

**USA V. COBB**  1:18CR33
**MEMORANDUM OPINION AND ORDER
SUSTAINING IN PART THE GOVERNMENT'S OBJECTIONS
[DKT. NO. 41], ADOPTING IN PART AND REJECTING IN
PART REPORT AND RECOMMENDATION [DKT. NO. 36], AND DENYING
DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE [DKT. NO. 16]**

warrant. Id. at 21. Specifying that the officers would search for and seize evidence of Cobb's motive and premeditation would not have further limited a warrant already limited to searching for and seizing evidence of first-degree murder—which necessarily includes evidence of motive and premeditation.

Moreover, "[a] warrant need not—and in most cases, cannot—scrupulously list and delineate each and every item to be seized. Frequently, it is simply impossible for law enforcement officers to know in advance exactly what . . . records the defendant maintains or how the case against him will unfold." United States v. Phillips, 588 F.3d 218, 225 (4th Cir. 2009). The same holds true here. Although the investigating officers had probable cause to believe that Cobb's laptop contained evidence of Wilson's homicide (Dkt. No. 36 at 11-13), they had no way of knowing what documents, files, or photos Cobb maintained on his laptop, which precluded them from identifying specific files or documents in the second warrant. See Williams, 592 F.3d at 522 ("Surely, the owner of a computer, who is engaged in criminal conduct on that computer, will not label his files to indicate their criminality.").

USA V. COBB                                                          1:18CR33
MEMORANDUM OPINION AND ORDER
SUSTAINING IN PART THE GOVERNMENT'S OBJECTIONS
[DKT. NO. 41], ADOPTING IN PART AND REJECTING IN
PART REPORT AND RECOMMENDATION [DKT. NO. 36], AND DENYING
DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE [DKT. NO. 16]

In short, the second warrant was sufficiently particular under the Fourth Amendment because it limited Sergeant Alkire's discretion to search for and seize only evidence of homicide (Dkt. No. 19-2). The Court therefore **SUSTAINS** the Government's objection.

### 3. The constitutionality of both warrants was not affected by superfluous language.

Neither party objected to Magistrate Judge Aloi's conclusion that the constitutionality of both warrants was unaffected by the superfluous language included in each. Finding no clear error (Dkt. No. 36 at 26-28), the Court **ADOPTS** that recommendation.

### C. The evidence of child pornography is admissible under the plain-view exception.

Under the plain-view exception,

> police may seize evidence in plain view during a lawful search if (1) the seizing officer is lawfully present at the place from which the evidence can be plainly viewed; (2) the seizing officer has a lawful right of access to the object itself; and (3) the object's incriminating character is immediately apparent.

Williams, 592 F.3d at 521 (cleaned up). All three of those requirements are readily satisfied here.

First, Sergeant Alkire had lawful possession of Cobb's laptop computer pursuant to the first warrant (Dkt. No. 19-1). Moreover,

**USA V. COBB**                                                              **1:18CR33**
**MEMORANDUM OPINION AND ORDER
SUSTAINING IN PART THE GOVERNMENT'S OBJECTIONS
[DKT. NO. 41], ADOPTING IN PART AND REJECTING IN
PART REPORT AND RECOMMENDATION [DKT. NO. 36], AND DENYING
DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE [DKT. NO. 16]**

he had the legal right to search it under the second warrant (Dkt. No. 19-2). "An officer who has legal possession of the computer . . . and a legal right to conduct a search of it is 'lawfully present at the place from which evidence can be viewed,' thus satisfying the first element of the plain-view exception." Williams, 592 F.3d at 522 (quoting United States v. Legg, 18 F.3d 240, 242 (4th Cir. 1994)).

Second, the second warrant authorized Sergeant Alkire to open and view all of the files on Cobb's laptop computer, at least cursorily, to determine if any contained evidence of homicide. See supra Section V.B.2. Therefore, Sergeant Alkire had "'a lawful right of access' to all files, albeit only momentarily." Williams, 592 F.3d at 522 (quoting Horton, 496 U.S. at 136).

And third, when Alkire found evidence of child pornography on Cobb's laptop computer, it was "immediately apparent" that its possession was illegal and incriminating. Id. ("[W]hen the officer [] comes upon child pornography, it becomes 'immediately apparent' that its possession by the computer's owner is illegal and incriminating." (citing same)). Therefore, any evidence of child pornography found on Cobb's laptop computer was properly seized

USA V. COBB                                                          1:18CR33
MEMORANDUM OPINION AND ORDER
SUSTAINING IN PART THE GOVERNMENT'S OBJECTIONS
[DKT. NO. 41], ADOPTING IN PART AND REJECTING IN
PART REPORT AND RECOMMENDATION [DKT. NO. 36], AND DENYING
DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE [DKT. NO. 16]

under the plain-view exception. Williams, 592 F.3d at 522. The Court therefore **SUSTAINS** the Government's objection.

**D.    Even if the second warrant is not sufficiently particular, the Leon good-faith exception applies.**

Based on the lack of specificity in the warrant, Magistrate Judge Aloi concluded that the good-faith exception did not apply. The Government argues that an objectively reasonable officer in the Fourth Circuit would not have known that the second warrant was so facially deficient as to be invalid (Dkt. No. 41 at 17). In addition, the Government argues that Sergeant Alkire acted in good faith by working closely with a state-court prosecutor when he obtained the warrants. Id. at 17-18.

Under the good-faith exception, courts "should not suppress the fruits of a search conducted under the authority of a warrant, even a 'subsequently invalidated' warrant, unless 'a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization.'" United States v. Bynum, 293 F.3d 192, 195 (4th Cir. 2002) (quoting Leon, 468 U.S. at 922 n.23). "This inquiry is objective in nature, depending upon the understanding of a reasonable officer in light of the totality of

**USA V. COBB                                                    1:18CR33**
**MEMORANDUM OPINION AND ORDER
SUSTAINING IN PART THE GOVERNMENT'S OBJECTIONS
[DKT. NO. 41], ADOPTING IN PART AND REJECTING IN
PART REPORT AND RECOMMENDATION [DKT. NO. 36], AND DENYING
DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE [DKT. NO. 16]**

the circumstances." Dickerson, 166 F.3d at 694 (citing United States v. Hyppolite, 65 F.3d 1151, 1156 (4th Cir. 1995)).

Here, the relevant question is whether an objectively reasonable officer would have known that the second warrant was so facially deficient that he or she could not presume its validity. The answer is surely not. The Fourth Circuit has repeatedly held that search warrants that limit officers to search for and seize only evidence of a particular crime are sufficiently particular. See supra Section V.B.2 (compiling cases). Because the second warrant was so limiting, an objectively reasonable officer would not have known—based on Fourth Circuit precedent—that it was so facially deficient as to be invalid.

Moreover, "the suppression of evidence recovered in this case would have almost no deterrent effect because the officers were, at bottom, acting in good faith." United States v. Qazah, 810 F.3d 879, 887 (4th Cir. 2015). Indeed, suppressing evidence is warranted only "[w]hen the police exhibit deliberate, reckless, or grossly negligent disregard for Fourth Amendment rights . . . ." Davis v. United States, 564 U.S. 229, 238 (2011) (citing Herring v. United States, 555 U.S. 135, 144 (2009)). Sergeant Alkire did not act in

17

USA V. COBB                                                    1:18CR33
MEMORANDUM OPINION AND ORDER
SUSTAINING IN PART THE GOVERNMENT'S OBJECTIONS
[DKT. NO. 41], ADOPTING IN PART AND REJECTING IN
PART REPORT AND RECOMMENDATION [DKT. NO. 36], AND DENYING
DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE [DKT. NO. 16]

such a manner. Throughout the State's investigation, he worked with prosecutors and helped officers obtain two search warrants for Cobb's laptop computer (Dkt. No. 38 at 24-25). These efforts do not evince a "grossly negligent disregard" for Cobb's Fourth Amendment rights. Because Sergeant Alkire was acting in good faith, the evidence need not be suppressed. The Court therefore **SUSTAINS** the Government's objection.

E.  **The inevitable-discovery doctrine does not apply.**

Finally, the Government objects to Magistrate Judge Aloi's determination that the inevitable discovery doctrine does not apply (Dkt. No. 36 at 24 n.8). In support, it argues that the child pornography on Cobb's laptop computer inevitably would have been discovered once he told his cellmate that he killed Wilson who had found child pornography on Cobb's laptop computer and threatened to report him to authorities (Dkt. No. 41 at 18-19). This argument lacks merit.

Under the inevitable discovery doctrine, "information obtained by unlawful means is nonetheless admissible '[i]f the prosecution can establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by

18

**USA V. COBB                                                        1:18CR33**
**MEMORANDUM OPINION AND ORDER**
**SUSTAINING IN PART THE GOVERNMENT'S OBJECTIONS**
**[DKT. NO. 41], ADOPTING IN PART AND REJECTING IN**
**PART REPORT AND RECOMMENDATION [DKT. NO. 36], AND DENYING**
**DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE [DKT. NO. 16]**

lawful means.'" United States v. Allen, 159 F.3d 832, 838 (4th Cir. 1998) (emphasis omitted) (quoting Nix v. Williams, 467 U.S. 431, 444 (1984)).

Here, the Government argues that the child pornography on Cobb's laptop computer inevitably would have been discovered because, when Sergeant Alkire later interviewed Cobb's cellmate, Arnie Amos, he learned from Amos that Cobb had confessed to killing Wilson after learning Wilson had found child pornography on Cobb's laptop and was threatening to report him to authorities (Dkt. No. 38 at 49-50). Although this evidence likely would have supplied officers with probable cause to obtain a search warrant, "it does not automatically trigger the inevitable discovery doctrine." Allen, 159 F.3d at 841.

For the inevitable discovery doctrine to apply, there must be evidence that officers would have acted on this information by obtaining a search warrant. See id. ("The existence of probable cause for a warrant, in and of itself and without any evidence that the police would have acted to obtain a warrant, does not trigger the inevitable discovery doctrine . . . ."). Critically, the Government elicited no such testimony during either suppression

**USA V. COBB** 1:18CR33
**MEMORANDUM OPINION AND ORDER
SUSTAINING IN PART THE GOVERNMENT'S OBJECTIONS
[DKT. NO. 41], ADOPTING IN PART AND REJECTING IN
PART REPORT AND RECOMMENDATION [DKT. NO. 36], AND DENYING
DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE [DKT. NO. 16]**

hearing (Dkt. Nos. 38, 39). Therefore, without more, the Court cannot assume that the officers would have acted on the probable cause that they inevitably discovered. The Court thus **ADOPTS** the magistrate judge's recommended conclusion that the inevitable discovery doctrine does not apply.

## VI. CONCLUSION

For the foregoing reasons, the Court:

(1) **SUSTAINS IN PART** the Government's objections (Dkt. No. 41);

(2) **ADOPTS IN PART AND REJECTS IN PART** the R&R (Dkt. No. 36); and

(3) **DENIES** Cobb's motion to suppress (Dkt. No. 16).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and all appropriate agencies.

DATED: October 10, 2018.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE